United States District Court
Southern District of Texas
**ENTERED**
December 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAVID RUIZ,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-2370 |
| § | |
| **ROSENDIN ELECTRIC, INC.** *et al*, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff David Ruiz's ("Plaintiff") Motion to Remand (ECF No. 4) and Motion for Leave to File his First Amended Complaint (ECF No. 17). Plaintiff's First Amended Complaint seeks to add as defendants two employees of Rosendin Electric, Inc. ("Rosendin"), Dejuan Turner and Efrain Gama.

After considering the motion, the responses thereto, the parties' oral arguments, and all applicable law, the Court determines that Plaintiff's Motions must be **DENIED** and that all claims against Defendant E&G must be **DISMISSED WITHOUT PREJUDICE**.

## I.   BACKGROUND

In October 2022, Defendant E&G Logistics, Inc. ("E&G") contracted Plaintiff David Ruiz ("Plaintiff") to deliver a load of steel pallets to Defendant Rosendin's facility in Temple, Texas. ECF No. 1-2 at ⁋ 9. When he arrived at Rosendin's facility, Rosendin employees Turner and Gama helped Plaintiff unload the pallets. ECF No. 17 at 2. Turner operated the forklift that unloaded the pallets from Plaintiff's trailer, and Gama was Turner's "spotter" tasked with ensuring safe forklift

1

operation. *Id.* During the unloading process, Turner allegedly pushed a steel pallet onto Plaintiff, knocking him to the ground and causing severe injuries. ECF No. 1-2 at ¶ 9.

The parties agree that Plaintiff and Defendants E&G, Turner, and Gama are all Texas residents, while Defendant Rosendin is a California resident. *See* ECF No. 1-3 at ¶¶ 2–4; ECF No. 17-3 at 2.

Plaintiff sued Defendants Rosendin and E&G in the 125th Judicial District of Harris County, Texas, bringing claims for negligence and gross negligence, and seeking monetary relief of over $1,000,000. *Id.* at ¶¶ 10–19. At the time of filing, Plaintiff did not know the identity of Rosendin employees Turner and Gama. Defendant Rosendin removed the action to this Court, claiming that (1) E&G was improperly joined, and that (2) this Court therefore possesses jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1 at 1. Plaintiff filed a Motion to Remand. ECF No. 4. Later, Plaintiff learned of Turner and Gama's identities, and filed a Motion for Leave to File Plaintiff's First Amended Complaint, seeking to add Turner and Gama as defendants. ECF No. 17.

## II. LEGAL STANDARD

### A. Remand and Improper Joinder

A party may remove any civil state court action to a federal district court that has original jurisdiction. 28 U.S.C. § 1441(a); *see Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of complete diversity. 28 U.S.C. § 1441(b). To establish complete diversity, no plaintiff may share the same citizenship as any defendant and the case must involve an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks and citation

omitted). When determining whether removal is proper, the court considers the claims alleged in the state court petition as they existed at the time of removal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

Improper joinder constitutes a narrow exception to § 1332(a)'s complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under this doctrine, the court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Under the latter, the defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Alternatively, in cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings" and conduct a summary judgment-type inquiry. *Id.*

Federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

3

The party seeking removal bears the heavy burden of proving that the joinder of the in-state party was improper. *Smallwood*, 385 F.3d at 574. The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### B. Leave to Amend to Join Non-Diverse Defendants

Federal Rule of Civil Procedure 15(a) provides that courts should freely grant leave to amend when justice so requires and "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). Although leave to amend is not automatic, *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002), normally the Court "must have a 'substantial reason' to deny a request for leave to amend," *id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

When an amended pleading seeks to add a non-diverse defendant, however, the Court must scrutinize the amendment more closely. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." To decide between these two options, courts consider: "1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether the plaintiff has been dilatory in asking for an amendment; 3) whether the plaintiff will be significantly injured if the amendment is not allowed; and 4) any other factors bearing on the equities." *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *Hensgens*, 833 F.2d at 1182).

### III. ANALYSIS

#### A. Motion for Leave to Join Non-Diverse Defendants

#### 1. *Hensgen* Factor 1

In this case, the first *Hensgens* factor—the extent to which the purpose of the amendment is to defeat federal jurisdiction—is the most contested. "In analyzing the first Hensgens factor, courts take into account considerations such as whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed, whether the plaintiff states a valid claim against the nondiverse defendant, and the timing of the amendment." *Agyei v. Endurance Power Prod., Inc.*, 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016) (Ellison, J.). It is apparent from the record that Plaintiff did not know the identity of nondiverse Defendants Turner and Gama when the state court suit was filed. It is less obvious whether Plaintiff states a valid negligence claim against Turner and Gama.

Under Texas law, employees may be held individually liable in negligence suits "only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). For example, a truck driver may be held liable if they negligently cause an auto accident while on duty. *Id.* Liability arises because when driving, the individual owes a duty of reasonable care to the general public apart from any duty their employer owes. *See id.* Differently, if an individual negligently injures a co-worker while on the job, they may not be held individually liable. *Id.* at 117–18. In this latter scenario, the employer owes its employees a "nondelegable duty to use ordinary care in providing . . . a safe workplace," and the employer may be held liable if its agents breach that duty in the course of their employment. *See id.* at 118. However, the agent may not be held individually liable, because they do not owe any *separate* duty of care apart

5

from the employer's. *Id.*

Plaintiff relies upon *Alexander v. Lincare, Inc.*, No. 3:07-CV-1137-D, 2007 WL 4178592 (N.D. Tex. Nov. 27, 2007) to contend that the employees can be held personally liable because they breached their duty to exercise reasonable care towards Plaintiff. This conclusion is misrepresentative of *Alexander* and inconsistent with *Leitch*. Decisions following *Leitch*—including *Alexander*—have interpreted *Leitch* to mean that an employee may be held individually liable where they are negligent in providing services to the general public. *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) (clarifying that the employees in *Leitch* "owed no duty to furnish a safe workplace to their employees independent from the duty owed by the corporate employer," distinguishing those employees from defendant-employees who were "directly engaged in providing a service to a customer" and could be held individually liable); *Alexander*, 2007 WL 4178592, at *5 (same); *Guevara v. Wal-Mart Stores, Inc.*, No. C.A. C-07-08, 2007 WL 397490, at *3 (S.D. Tex. Feb. 1, 2007) (explaining that plaintiff—a customer—had possibility of establishing individual liability against store manager in premises liability action); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291, 293 n.5, 294 (5th Cir. 2000) (suggesting that *Leitch* is limited to the employer-employee context). To be sure, *Leitch* still stands for the proposition that an employee may *not* be held individually liable where they negligently injure a fellow employee on the job. *See* 935 S.W.2d at 118; *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005).

For these reasons, the Court finds that this case is squarely governed by *Leitch*. Rosendin owed Plaintiff a duty to provide a safe workplace. While helping Plaintiff unload the trailer, Rosendin's employees did not provide Plaintiff with a service akin to the services provided to members of the public in *Alexander*, *Guevara*, or *Valdes*. They owed Plaintiff no duty

6

independent from the duty Rosendin owed, and they accordingly cannot be held individually liable. Therefore, Plaintiff cannot state a claim against the would-be additional defendants, and the first *Hensgen* factor weighs against granting Plaintiff's motion.

### 2. *Hensgen* Factor 2

"In addressing the second *Hensgens* factor, courts look to (i) the amount of time between the original state court action and the request to amend, and the time between removal and the request; and (ii) the stage of the proceedings at the time of the amendment." *Agyei*, 198 F. Supp. 3d at 776. Here, Plaintiff filed his amended complaint seven months after filing suit in state court, about five months after the notice of removal, and—significantly—only a week after learning the identity of the defendants who the amendment seeks to name. Though the Court has scheduled pretrial and trial dates, ECF No. 9, "no significant activity beyond the pleading stage has occurred," *Gallegos v. Safeco Ins. Co. of Indiana*, No. CIV.A. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009). As such, this factor weighs in Plaintiff's favor.

### 3. *Hensgen* Factor 3

Courts analyzing the third *Hensgens* factor consider "(i) whether the already named diverse defendant would be unable to satisfy a future judgment, and (ii) whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff." *Agyei*, 198 F. Supp. 3d at 777.

There is no indication that the already-named Rosendin would be unable to satisfy a future judgment. Plaintiff argues that absent joinder, he would need to sue the nondiverse employees in a parallel proceeding in state court. However, as explained above, Texas law does not allow Plaintiff to bring individual claims against the employees. Therefore, this factor weighs

7

against Plaintiff.

### 4. *Hensgen* Factor 4

"The fourth *Hensgens* factor requires courts to analyze other equitable factors." *Id.* Here, other equitable factors include whether granting leave to amend would deprive Defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state court proceedings. However, these factors have already been analyzed in considering the first three factors. Therefore, this factor is neutral.

Taken together, the Court finds that the *Hensgen* factors weigh against allowing Plaintiff to join the Rosendin employees. Accordingly, Plaintiff's Motion for Leave to File his First Amended Complaint is **DENIED**.

### B. Motion to Remand

In opposing Plaintiff's motion to remand, Rosendin contends that nondiverse Defendant E&G was improperly joined. Applying a "Rule 12(b)(6)-type analysis," the Court agrees. Plaintiff's Original Petition alleges that Ruiz was working as a contractor for E&G at the time of his injury. *See* ECF No. 1-2 at ⁋ 9. Under Texas law,

> "One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."
>
> *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985) (quoting Restatement (Second) of Torts § 414 (1977)).

Therefore, for E&G to be liable, they must have retained control over Ruiz's work. Plaintiff's Original Petition alleges only that "Defendants [Rosendin and E&G] retained control over the site in question including safety." ECF No. 1-2 at ⁋ 10. This statement does not rise above a mere conclusory statement, and thus fails to state a claim against E&G.

Plaintiff also argues that, under Texas law, every employer owes its employees a "nondelegable duty to use ordinary care in providing a reasonably safe work place." *W. Star Transportation, Inc. v. Robison*, 457 S.W.3d 178, 186 (Tex. App.—Amarillo 2015, pet. denied). However, Plaintiff has not alleged any facts that show that E&G breached a duty of ordinary care.

Plaintiff has failed to state a claim against E&G, and E&G was therefore improperly joined. As a result, diversity jurisdiction exists, as the amount in controversy exceeds $75,000 and there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff's Motion to Remand is therefore **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 4) and Plaintiff's Motion for Leave to File his First Amended Complaint (ECF No. 17) are hereby **DENIED**. All claims against Defendant E&G are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 18th day of December, 2023.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE