Case 4:23-cv-02370   Document 28   Filed on 02/13/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-2370 |
| | § | |
| ROSENDIN ELECTRIC, INC. *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Ruiz's Motion for Reconsideration and, alternatively, Motion for Voluntary Dismissal. ECF No. 23. For the reasons that follow, the Court concludes that Plaintiff's Motion for Voluntary Dismissal should be **GRANTED**. Plaintiff's claims against all parties are **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

In October 2022, Defendant E&G Logistics, Inc. ("E&G") contracted Ruiz to deliver a load of steel pallets to Defendant Rosendin Electric, Inc.'s ("Rosendin") facility in Temple, Texas. Pl.'s Original Pet. ¶ 9, ECF No. 1-2. When Ruiz arrived at Rosendin's facility, Rosendin employees Dejuan Turner and Efrain Gama helped him unload the pallets. Pl.'s Mot. for Leave 2, ECF No. 17. Turner operated the forklift that unloaded the pallets from Ruiz's trailer, and Gama was Turner's "spotter" tasked with ensuring safe forklift operation. *Id.* During the unloading process, Turner allegedly pushed a steel pallet onto Plaintiff, knocking him to the ground and causing severe injuries. Pl.'s Original Pet. at ¶ 9. The parties agree that Plaintiff and Defendants E&G, Turner, and Gama are all Texas residents, while Defendant Rosendin is a California resident.

1

Before he knew the identities of Turner and Gama, Plaintiff sued Defendants Rosendin and E&G in state court. Defendant Rosendin removed the action to this Court based upon diversity jurisdiction, arguing that E&G did not defeat complete diversity because it was improperly joined. ECF No. 1. Plaintiff filed a Motion to Remand, alleging that the parties were not completely diverse because E&G was properly joined. ECF No. 4. Later, Plaintiff filed a Motion for Leave to File Plaintiff's First Amended Complaint, which sought to add Turner and Gama as defendants—an alternative pathway to destroying complete diversity. ECF No. 17.

On December 18, 2023, the Court issued a Memorandum and Order that denied Plaintiff's motions and dismissed Plaintiff's claims against Defendant E&G without prejudice. ECF No. 22. Nine days later, Plaintiff filed a Motion to Reconsider Order on Plaintiff's Motion for Leave to File First Amended Complaint, and, alternatively, Motion for Voluntary Dismissal. ECF No. 23.

## II. ANALYSIS

Motions filed within ten days of the judgment or order of which the party complains are treated as Rule 59(e) motions to alter or amend judgment. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A motion to alter or amend judgment must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). District courts have considerable discretion in deciding whether to reconsider a prior judgment, and must endeavor to strike the proper balance between "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff's Motion does not seek reconsideration of the Court's denial of its Motion to Remand. It only seeks reconsideration of the Court's denial of its Motion for Leave to Amend its Complaint to join nondiverse parties Turner and Gama. If the Court granted Plaintiff's Motion to Reconsider, it would then dismiss the case without prejudice for lack of subject matter jurisdiction. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) ("A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants."). Therefore, the outcome of the Court granting Plaintiff's Motion to Reconsider and Motion for Voluntary Dismissal is the same: dismissal without prejudice. With that in mind, at this stage, the Court declines to exercise its discretion to reconsider its prior judgment, because voluntary dismissal is plainly appropriate.

Under Federal Rule of Civil Procedure 41(a)(2), a Court may dismiss an action without prejudice at the plaintiff's request. "Generally, courts approve [voluntary] dismissals unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). "A plaintiff's voluntary dismissal may substantially prejudice the defendant if it effectively strips him of a defense that would otherwise be available." *Id.* On the other hand, the fact that a "plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Id.* at 178.

Here, Defendant does not point to—and the Court cannot locate—any legal prejudice it would suffer at this juncture, other than the prospect of litigating in a less favorable forum. Defendant cites out-of-circuit authority to argue that this Court should not allow voluntary dismissal because Plaintiff's motive is "merely to seek a more favorable forum." *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021) (quoting *Donner v. Alcoa, Inc.*, 709

3

F.3d 694, 699 (8th Cir. 2013)). However, in the Fifth Circuit, "the potential for forum-shopping does not count as legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016); *see also Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (affirming district court's grant of voluntary dismissal despite the potential for defendant to lose its choice of forum).

Therefore, because Defendant would not suffer legal prejudice from dismissal, the Court finds and holds that voluntary dismissal is appropriate in this case.

### III.   CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Voluntarily Dismiss this case. Plaintiff's claims, and all pending motions, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 13th day of February, 2024.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE